United States District Court
Southern District of Texas
**ENTERED**
November 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COWANA SANTA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-4698 |
| | § | |
| HIGHLANDS RESIDENTIAL | § | |
| MORTGAGE, LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss (Document No. 4). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter involving an alleged wrongful foreclosure. In February 2022, Plaintiff Cowana Santa Cruz purchased personal property at 12007 Via Palazzo Lane, Cypress, Texas 77429 (the "Property"), financed with a Note of $550,000 through Defendant Highlands Residential Mortgage, Ltd. ("Highlands"). On July 2, 2025, the Property was sold at a foreclosure sale for $727,000. Plaintiff alleges that he did not receive notice of default or notice of sale prior to the foreclosure sale.

Based on the foregoing, on September 2, 2025, Plaintiff filed suit in the 189th District Court of Harris County, Texas, asserting the following claims: (1) "suit to set aside the foreclsure [sic] sale and cancel trustee's deed"; (2) negligence; (3) "violation of the real estate settlement procedures act ("RESPA") and regulation X"; and (4) declaratory judgment.[1] On October 1, 2025, Defendant removed this matter to this Court pursuant to Federal Question Jurisdiction.[2] On October 20, 2025, Defendant moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.[3] Plaintiff did not respond to Defendant's motion to dismiss either by the date required under the Federal Rules of Civil Procedure or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels

---

[1] *Notice of Removal*, Document No. 1 Exhibit A at 6–10 (*Plaintiff's Complaint*).

[2] *Notice of Removal*, Document No. 1 at 1.

[3] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 1.

2

and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant moves to dismiss Plaintiff's claims contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to Defendant's motions to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's

failure to respond to Defendant's motion to dismiss, the Court will consider, in turn, the merits of each of Plaintiff's claims.

### 1. Plaintiff's Claim to "Set Aside the Foreclsure [sic] Sale and Cancel Trustee's Deed"[4]

Plaintiff alleges that Defendant "failed to comply with the Texas Property Code's notice requirements" and that, as such, the foreclosure sale should be set aside.[5] In response, Defendant contends that Plaintiff's claim should be construed as a claim for wrongful foreclosure and dismissed for failure to state a claim upon which relief can be granted. Plaintiff offers no rebuttal.

Claims under the Texas Property Code § 51.002 for lack of notice are generally construed as claims for wrongful foreclosure. *See Bittinger v. Wells Fargo Bank NA*, N0. H-10-1745, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug. 15, 2011); *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. Feb. 5, 2025). "Under Texas law, a wrongful foreclosure claim ordinarily requires a showing of (i) 'a defect in the foreclosure sale proceedings'; (ii) 'a grossly inadequate selling price'; and (iii) 'a causal connection between the defect and the grossly inadequate selling price.'" *Miller v. BAC Home Loans*

---

[4] *Plaintiff's Complaint*, Document No 1 at 6.

[5] *Plaintiff's Complaint*, Document No 1 at 6–7.

4

*Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008).

Here, Plaintiff alleges that the sale of the property was in violation of the Texas Property Code and the terms of the Deed of Trust because he never received notice of the sale.[6] In response, Defendant contends that Plaintiff fails to "allege facts showing[:] (1) that the Property was sold for a grossly inadequate sale price[;] or (2) a causal connection between the defect and the grossly inadequate selling price."[7] Furthermore, Defendant contends that Plaintiff alleges that the Property sold for $177,000 more than the debt owed, but fails to allege "facts regarding the Property's fair market value, a depressed sale price, or any irregularity that produced an inequitably low price."[8] Lastly, Defendant contends that "[b]ecause Cruz [Plaintiff] has not alleged a grossly inadequate sale price, she has likewise failed to allege a causal connection[.]"[9] Plaintiff offers no rebuttal.

---

[6] Given the long history of the District Courts construing claims under Texas Property Code § 51.002 as wrongful foreclosure claims, the Court construes Plaintiff's claim to "Set Aside the Foreclsure [sic] Sale and Cancel Trustee's Deed" as a claim for wrongful foreclosure. *See Plaintiff's Complaint*, Document No. 1 at 6.

[7] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 11.

[8] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 12.

[9] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 13.

The Court has reviewed Plaintiff's complaint in detail. A review of the record in this matter reveals that Plaintiff states only that the "foreclosure bid was more than $177,000 above the debt owed."[10] Accordingly, the Court finds that Plaintiff failed to sufficiently plead facts showing that the Property was sold for a grossly inadequate sales price. Based on the foregoing, and Texas appellate courts' clear guidance that a Plaintiff must allege both that: (1) the Property was sold for a grossly inadequate sale price; and (2) a causal connection between the defect and the grossly inadequate sales price, the Court finds that Plaintiff has failed to sufficiently plead her wrongful foreclosure claim, and thus, her claim should be dismissed.[11] The Court will now consider Plaintiff's negligence claim.

*2. Plaintiff's Negligence Claim*

Plaintiff alleges that Defendant was negligent in "failing to provide accurate information regarding the scheduled foreclosure sale" and that such negligence "caused her to lose her home."[12] Defendant contends that Plaintiff's negligence

---

[10] *Plaintiff's Complaint*, Document No. 1 at 5.

[11] To the extent that Plaintiff intends to bring a claim to recover title, the Court notes that a review of the record reveals that Plaintiff has not paid the outstanding debt. Based on the foregoing, and Texas courts' clear guidance that a prerequisite to recovering title is paying the debt owed on the note, the Court finds that Plaintiff has failed to complete the required prerequisite to recover title, and thus, Plaintiff's claim to recover title, to the extent she is bringing one, is dismissed.

[12] *Plaintiff's Complaint*, Document No. 1 at 9.

6

claim should be dismissed as it is inapplicable because tort law does not govern "[d]uties in the mortgage context."[13]

When exercising jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Tort law is a matter of state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938). To allege a negligence action under Texas law, a Plaintiff must allege sufficient facts to show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (applying Texas State law). Whether or not a legal duty exists is a question of law determined by considering the surrounding facts. *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005).

Most pertinent here, there is no special relationship between a mortgagor and a mortgagee. *See Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962) (finding no fiduciary relationship between a lender and borrower). As such, the duty owed is governed by contract, not tort. *Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568, 585

---

[13] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 16.

7

(N.D. Tex. Sep. 5, 2013) (quoting *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 613-15 (Tex. App.—Corpus Christi 2005)).

Here, Plaintiff alleges that Defendant owed her a duty of care, that Defendant breached said duty, and that said breach caused Plaintiff's damages.[14] In response, Defendant contends that "because Texas law imposes no common-law duty of care or fiduciary duty on a lender to a borrower . . . there can be no negligence claim."[15] Plaintiff offers no rebuttal. Given Texas appellate courts' clear guidance that no special relationship exists between a mortgagor and mortgagee, the Court finds that no legal duty was owed to Plaintiff by Defendant. Based on the foregoing, and the Texas courts' clear guidance that a negligence cause of action requires the presence of a legal duty, the Court finds that Plaintiff's negligence claim should be dismissed. The Court will now consider Plaintiff's claim for violations of RESPA and Regulation X.

*3. Plaintiff's Claim for Violations of RESPA and Regulation X*

Plaintiff alleges that she is entitled to remedies under RESPA because Defendant was in violation of Regulation X of the Code of Federal Regulations. Defendant contends that Plaintiff's RESPA claim is inadequately pled and must be

---

[14] *Plaintiff's Complaint*, Document No. 1 at 8.

[15] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 7.

8

dismissed for failure to state a claim upon which relief can be granted. Plaintiff offers no rebuttal.

Regulation X regulates loss mitigation procedures provides by loan services. *See* 12 C.F.R. § 1024. RESPA allows a Plaintiff to bring a private cause of action to enforce Regulation X. *See* 12 U.S.C. § 2605(f). Most pertinent here, a Plaintiff who seeks to recover under RESPA for violations of Regulation X must allege that their complete loss mitigation application "was their first complete loss mitigation application" or that they became current on their payments following the consideration of a previous complete loss mitigation application. *Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018).

Here, Plaintiff alleges that "[t]he acts, conduct, and/or omissions of Defendant, which at all material times hereto was acting in its alleged capacity as a 'mortgage holder and servicer', also constitute violations of Regulation X[.]"[16] In response, Defendant contends that "Cruz does not—because she cannot—allege that the April 2025 loan modification package was her first complete loss mitigation application or that she became current on her mortgage payment after Highlands considered her first complete loan modification package."[17] Defendant further

---

[16] *Plaintiff's Complaint*, Document No. 1 at 9.

[17] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 18.

9

contends that "[t]his is fatal to Cruz's RESPA claim" and that Plaintiff's RESPA claim must be dismissed.[18] Plaintiff offers no rebuttal.

A review of the record in this matter reveals that Plaintiff failed to plead any facts suggesting that the complete loss mitigation application in question was her first complete loss mitigation application. Based on the foregoing, and the Fifth Circuit's clear guidance that a plaintiff must plead facts suggesting that the loan modification application in question is their first loan modification application, the Court finds that Plaintiff has failed to sufficiently plead her RESPA claim, and thus, it should be dismissed. The Court will now consider Plaintiff's claim for declaratory judgment.

*4. Plaintiff's Claim for Declaratory Judgment*

Plaintiff "seeks a determination of the rights of the parties" and requests that the Court determine that a legal duty exists between Plaintiff and Defendant entitling Plaintiff to recover damages. Defendant contends that Plaintiff's claim for declaratory judgment must be dismissed because Plaintiff's "substantive claims fail as a matter of law."[19] Plaintiff offers no rebuttal.

---

[18] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 18.

[19] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 19.

"'When a declaratory judgment action filed in state court is removed to federal court . . . courts analyze claims under the federal Declaratory Judgment Act'" *Ankus, LLC v. PHH Mortgage Corp.*, No. H-22-0355, 2022 WL 4279721, at *2 (S.D. Tex. Sep. 15, 2022) (quoting *Collins v. National Football League*, 566 F. Supp. 3d 586, 602–03 (E.D. Tex. 2021)). The Declaratory Judgment Act allows any court to declare the rights of interested parties seeking such a declaration. *See* 28 U.S.C. § 2201(a). However, declaratory judgment "is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018).

Here, Plaintiff "seeks a determination of the rights of the parties[.]"[20] In response, Defendant contends that declaratory judgment "is merely a procedural device" and that "[b]ecause Cruz's substantive claims fair as a matter of law . . . Cruz's declaratory judgment claim should also be dismissed."[21] Based on the foregoing, and the Fifth Circuit's clear guidance that declaratory judgment is a procedural devise and not a cause of action, the Court finds that Plaintiff's claim for declaratory judgment should be dismissed.

---

[20] *Plaintiff's Complaint*, Document No. 1 at 10.

[21] *Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss*, Document No. 4 at 19.

11

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Highlands Residential Mortgage, Ltd.'s Motion to Dismiss (Document No. 4) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Cowana Santa Cruz's claims against Defendant Highlands Residential Mortgage, Ltd. are **DISMISSED WITHOUT PREJUDICE**.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this __18__ day of November, 2025.

DAVID HITTNER
United States District Judge